UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD COLBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE PRISON/<br>CORCORAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:04-CV-5262-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 20) |

I.  Findings and Recommendations Following Screening of Second Amended Complaint

   A.   Screening Requirement

Plaintiff Reginald Colbert ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 9, 2004. On August 11, 2004, the court dismissed plaintiff's complaint with leave to amend for failure to state a claim upon which relief may be granted. Plaintiff filed an amended complaint on October 20, 2004, and on February 10, 2005, the court dismissed plaintiff's amended complaint with leave to amend for failure to state a claim upon which relief may be granted. Plaintiff filed a second amended complaint on March 18, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Summary of Plaintiff's Second Amended Complaint

The event at issue in this action occurred at California State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names Warden A. K. Scribner, and Correctional Officers Fritzpatrick and B. Norton as defendants. Plaintiff is seeking monetary damages and injunctive relief.

Plaintiff alleges that while exiting his housing unit on May 12, 2003, he slipped in a puddle of water on the freshly-mopped concrete floor and fell, injuring his head, neck, back, and tail bone. Plaintiff alleges that it was common knowledge the floors could extremely slippery and that a yellow caution sign should have been used. Plaintiff alleges that the defendants named in this action are liable for violating his rights under the Eighth Amendment.

C.  Plaintiff's Eighth Amendment Claim

1.  Defendants Norton and Fritzpatrick

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must

1  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.;
2  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246
3  (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement,
4  prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk
5  of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

6       The deliberate indifference standard involves an objective and a subjective prong. First, the
7  alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S.
8  825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must
9  "know of and disregard an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.
10 Thus, "a prison official may be held liable under the Eighth Amendment for denying humane
11 conditions of confinement only if he knows that inmates face a substantial risk of harm and
12 disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 835.
13 Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk,
14 or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Farmer, 511 U.S.
15 at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability,
16 but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos,
17 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

18      "What is necessary to show sufficient harm for purposes of the Cruel and Unusual
19 Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8
20 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive
21 to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme
22 deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."
23 Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part
24 of the penalty that criminal offenders pay for their offenses against society, only those deprivations
25 denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis
26 of an Eighth Amendment violation." Id. (quotations and citations omitted).

27      The condition complained of simply is not "sufficiently grave to form the basis of an Eighth
28 Amendment violation." Id. Rather than an Eighth Amendment violation, plaintiff's allegations

3

suggest a negligence claim, which is not cognizable under section 1983. Further, plaintiff's allegations do not support a claim that defendants Norton and Fritzpatrick "[knew] of and disregard[ed] an excessive risk to [plaintiff's] . . . safety." Farmer, 511 U.S. at 837. Accordingly, plaintiff's allegations fail to give rise to a claim for relief under section 1983 against defendants Norton and Fritzpatrick.

### 2. Defendant Scribner

Liability may not be imposed on supervisory personnel under section 1983 for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between her and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that defendant Scribner either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

As set forth in the preceding subsection, plaintiff has not stated a cognizable Eighth Amendment claim. Thus, there is no underlying constitutional violation upon which to base a supervisory liability claim. However, even if plaintiff had stated a claim against defendants Norton and Fritzpatrick for violation of the Eighth Amendment, plaintiff has not alleged any facts indicating that defendant Scribner personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff's allegation that defendant Scribner should have enacted a policy requiring the use of yellow caution signs is insufficient to

support a claim that the lack of such a policy constituted a deficiency of such magnitude that it rose to the level of an Eighth Amendment violation.

### D.     Conclusion

The court finds that plaintiff's second amended complaint does not contain any claims upon which relief may be granted under section 1983.  Plaintiff was previously advised of the deficiencies in his claims but was unable to cure them.  Therefore, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state any claims upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 5, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE